**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| GEORGE E. REED, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )   No. 1:24-cv-00199-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on movant's letter to the Court received July 26, 2024, which the Court construes as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is successive and will be denied and dismissed.

On September 6, 2016, movant pled guilty to one count of armed bank robbery. *United States v. Reed*, No. 1:16-cr-66-SNLJ-1 (E.D. Mo. June 16, 2016). On December 6, 2016, the Court sentenced movant to a term of 188 months' imprisonment and five years of supervised release. Movant appealed and the Eighth Circuit affirmed the district court, issuing its mandate on May 7, 2018. *Id.* at ECF No. 51.

On February 3, 2020, movant filed his first motion to vacate, correct, or reduce his sentence under 28 U.S.C. § 2255. *See Reed v. United States*, No. 1:20-cv-00021-SNLJ (E.D. Mo.). The Court denied and dismissed the motion to vacate on April 28, 2020. *Id.* at ECF Nos. 8 and 9.

On August 23, 2021, movant filed his second motion to vacate, correct, or reduce his sentence under 28 U.S.C. § 2255. *See Reed v. United States*, No. 1:21-cv-00119-SNLJ (E.D. Mo). The Court denied and dismissed the motion to vacate on November 9, 2021. *Id.* at 4 and 5.

Movant filed the instant motion to vacate, correct, or reduce sentence on July 26, 2024, seeking immediate release.[1] He alleges the ineffective assistance of counsel and states that he is actually innocent of the crime of which he was charged. Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit.  As a result the Court may not grant the requested relief and this action must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED as SUCCESSIVE**. [ECF No. 1]

**IT IS FURTHER ORDERED** that movant's motion for entry of default judgment is **DENIED as moot**. [ECF No. 2]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of January, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] While the instant motion titled as a request for "Immediate Release Under the New Compassionate Release," it is an attempt to launch a collateral attack on movant's sentence. Such claims must be brought under § 2255. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly").